**Genaro RAMOS–CLEMENTE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73854.

United States Court of Appeals, Ninth Circuit.

by 9th Cir. R. 36–3.

Submitted Feb. 14, 2008 *.

Filed Feb. 21, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.    R.App. P. 34(a)(2).

Martha L. Cordoba, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark E. Cullers, Esq., USF–Office of the U.S. Attorney, Fresno, CA, James E. Grimes, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Genaro Ramos–Clemente, a Mam Mayan and native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's (BIA's) decision affirming without opinion the Immigration Judge's (IJ's) decision denying Ramos's application for asylum.

The BIA's determination that an individual is not eligible for asylum is reviewed under the substantial evidence standard and must be upheld unless the evidence compels a contrary result. *Acewicz v. INS*, 984 F.2d 1056, 1061 (9th Cir.1993). Adverse credibility determinations are also reviewed under the substantial evidence standard. *Gui v. INS*, 280 F.3d 1217, 1225

(9th Cir.2002). Because the BIA affirmed the IJ's decision without opinion, the IJ's decision is treated as that of the BIA. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999).

■ The IJ found certain testimony by Ramos to be incredible. The IJ must articulate a legitimate basis for her adverse credibility determination by providing specific and cogent reasons for why she disbelieves the petitioner. *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996). While the omission of details in an asylum application and minor inconsistencies which cannot be viewed as a "deliberate attempt to enhance the petitioner's persecution claims" cannot support an adverse credibility finding, *see id.*; *Wang v. INS*, 352 F.3d 1250, 1254 (9th Cir.2003), inconsistencies which go to the heart of the petitioner's claim may. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). Our review of the record satisfies us that the IJ's adverse credibility findings are supported by substantial evidence. Ramos's testimony at his final hearing contradicted years of prior statements and testimony in an apparent "last minute effort[ ] to salvage his case." *See Wang*, 352 F.3d at 1256–57; *Alvarez–Santos*, 332 F.3d at 1254.

■ Substantial evidence supports the IJ's findings that Ramos did not suffer past persecution and does not have a well-founded fear of future persecution by guerrillas. "Our caselaw characterizes persecution as an extreme concept, marked by the infliction of suffering or harm … in a way regarded as offensive." *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) (quotation marks omitted) (alteration in the original). The guerrillas' attempts to recruit Ramos do not

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

constitute persecution on account of political opinion, *see INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and the record does not compel a finding that the incident of abuse Ramos testified to rises to the level of persecution, *see, e.g., Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir.2006) (brief detention, interrogation, and beating did not compel finding of past persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating unconnected with any particular threat did not compel finding of past persecution).

■ A petitioner establishes that he has an objectively reasonable fear of future persecution by showing by "credible, direct, and specific evidence that [he] faces an individualized risk of persecution or that there is a pattern or practice of persecution against similarly situated individuals." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir.2007) (en banc) (quotations and citations omitted). Ramos did not provide specific evidence that he faces an individualized risk of persecution. Also, after the 1996 Peace Accords were signed, the guerrilla organizations dissolved and formed parties engaged in "legal political activity." Therefore the record does not compel the conclusion that Ramos has an objectively reasonable well-founded fear of future persecution by the guerrillas. *See id.* at 1179–81.

■ The IJ found that Ramos had been persecuted by the government on account of his ethnicity in the past. Because Ramos was persecuted in the past, a rebuttable presumption of a well-founded fear arises. *See* 8 C.F.R. § 208.13(b)(1). The burden is on the government "to demonstrate that there has been a fundamental change in circumstances such that the [petitioner] no longer has a well-founded fear." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir.2004) (quotation omit-

ted). While generalized information from a State Department report on country conditions is not sufficient to rebut the presumption of future persecution, *see Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002), the IJ is not precluded from relying on the reports, "bring[ing] its expertise to bear upon the matter" of changed country conditions, *see Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 999–1000 (9th Cir.2003) (quotation omitted). Here, the IJ reviewed all of the evidence submitted by the parties including various State Department reports. While not discounting the continuing violence and human rights abuses in Guatemala, the IJ found that "the forms of serious persecution of indigenous people were in the context of the going war which has now ended," rebutting Ramos's fear of future persecution.

The State Department reports indicate that, since Peace Accords were signed in 1996, commissions have been established to implement constitutional provisions protecting indigenous people, human rights organizations operate openly in the country, indigenous people are organizing themselves into interest groups and are able to peacefully demonstrate against the government, the government is taking steps to increase indigenous people's access to the justice system and has paid reparations to indigenous victims of civil war massacres, and indigenous people have been able to attain high positions as judges and government officials. This evidence provides substantial support for the IJ's finding that the government rebutted the presumption that Ramos has a well-founded fear of persecution. *See id.* at 998.

■ Ramos also claimed to have a well-founded fear of persecution by the government because he had deserted the civil patrols. The IJ found that Ramos's fear

"is no longer objectively based and no longer well-founded," because "there is no evidence that the civil patrol currently function in any form except some recent organizing to demand payment for past services."

The 1995 and 1996 State Department country reports for Guatemala stated that, in some regions, civil patrols (PACs) were "still compelling members to join or remain in the patrols ... and that some PAC's killed members who chose to leave their PAC's." That report was filed before the Peace Accords were signed. The Peace Accords called for the abolition of the PACs and the PACs were in fact disbanded in 1996. The 1997, 1999, and 2001 State Department country reports omit the references in the 1995 and 1996 reports to the killings of former PAC members returning to Guatemala. The evidence does not compel the finding that the government will persecute Ramos on the basis of his desertion of the civil patrol if he returns to Guatemala. *See Lolong,* 484 F.3d at 1179–81.

Ramos did not challenge the IJ's findings that he was not eligible for withholding of removal or relief under the Convention Against Torture, and so he has waived those arguments. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.